## STATE SUPREME COURT—Continued

No. 708
KRIEGER v. SKALSKI, Admrx.
No. 19256. Supreme Court
On motion to certify. Dock. July 13, 1925;
3 Abs. 451.

**32. ADMINISTRATION—Can action be maintained by administratrix for estate, who being a minor, has been removed by Probate Court?**

Virginia Skalski, as administratrix of the estate of Josephine Bardzikowski, filed a petition in the Lucas Common Pleas against Anthony Krieger, seeking to recover damages on account of the alleged wrongful death of Josephine Bardzikowski. Krieger in his answer denied that letters of administration had been issued to Skalski, that she accepted said appointment and qualified as administratrix, and that she was the duly appointed, qualified and acting administratrix of the estate of Josephine Bardzikowski.

Upon an application filed in the Lucas Probate Court for that purpose, the court vacated and revoked the appointment of Skalski, and removed her as administratrix for the reason that she was not of legal age and incompetent to be appointed as such.

Krieger, in a supplemental answer alleged the vacation and revocation of the appointment of Skalski as administratrix. On Feb. 13, 1923, Wladyslaw Bardzikowski was appointed administrator de bonis non and he filed a motion for an order substituting him in place of Skalski. The motion was overruled as was a demurrer of Skalski to the supplemental answer, and a motion for judgment on the pleadings was granted in favor of Krieger.

Error proceedings were instituted by Skalski and the Court of Appeals reversed the judgment and remanded the cause. The case is pending in the Supreme Court on motion to certify. Krieger contends that:

An infant is not legally competent to act as administratrix; that Probate Court had no jurisdiction or power to appoint any person who is not legally competent; that all acts done by her as such are absolutely void; and that she had no power to commence or maintain this action.

It is claimed that upon the revocation of the appointment of administratrix and her removal as such, her power and authority as such are terminated and she cannot further prosecute an action commenced by her prior to such removal nor prosecute error to the Court of Appeals; and that upon the appointment of an administrator de bonis non, he is clothed with all the rights of the estate he is appointed to administer.

"An appeal by and in the name of an administrator, taken after he has been discharged, as such administrator and a new administrator has been appointed and qualified, gives the appellate court no jurisdiction over the estate, or of a cause of action against the estate, and will be dismissed."

Attorneys—Joseph A. Robie and Mulholland &Hartmann for Krieger; Eva E. Shaw and John P. Manton, for Skalski; all of Toledo.

---

### CODE NOTES
### Statutes Considered, Cited, Etc.

**Sec. 274. SUPERVISION & INSPECTION.**
Creation of bureau of inspection and supervision of public offices. Auditor chief inspector. Tracy, Aud. v. Deer Park (Village). 3 Abs. 405.

**Sec. 276. AUDITOR.**
Examining of accounts. Compensation for examiners. Tracy, Aud. v. Deer Park. 3 Abs. 405.

**Sec. 1579-286. MUNICIPAL COURT.**
Clothed with jurisdiction in case of forfeiture of lease. Poulos et v. Toledo Labor Bldg. Co. 3 Abs. 443.

**Sec. 5660. SCHOOL AND SCHOOL BUILDINGS.**
Money required for payment on contract for must have certification that it is in treasury to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose. Mulcahy v. Bd. of Ed. 3 Abs. 445.

**Sec. 5661. CONTRACTS.**
Or agreements entered into, contrary to provisions of 5660 GC. shall be void. Mulcahy v. Bd. of Ed. 3 Abs. 445.

**Sec. 6245-1. NEGLIGENCE.**
Questions of negligence, contributory negligence, and assumption of risk shall be for jury, under instruction of the court. Keiffer v. Bauer. 3 Abs. 427.

**Sec. 6862. PUBLIC ROADS.**
Application to vacate shall be made by petition to county commissioners, signed by 12 freeholders residing in vicinity of proposed improvement. Davies et. v. Ziegler et. 3 Abs. 448.

**Sec. 8002. HUSBAND & WIFE.**
Neither the husband or wife as such, shall be answerable for the acts of the other. Youghiogheny Coal Co. v. Paszka. 3 Abs. 454.

**Sec. 8030. ADOPTION.**
Child adopted under 8029 GC. shall be legal heir of persons so adopting him or her, entitled to all obligations of a child begotten in lawful wedlock. Surman v. Surman. 3 Abs. 395.

**Sec. 8157. NEGOTIABLE INSTRUMENTS.**
Requirements of a holder in due course. Vespo v. Donofrio. 3 Abs. 411.

**Sec. 8312. MECHANICS' LIENS.**
Principal contractor authorized to furnish a receipt from a material man which shall have the same effect as a written waiver of lien, or a written release. Botzum Bros. v. Brandau. 3 Abs. 442.

**Sec. 8574. DESCENT AND DISTRIBUTION.**
Title to land coming by way of deed is one by purchase and in case of intestacy, relict would take estate in fee if there are no children. Newman et v. Griffin. 3 Abs. 397.

**Sec. 9662. BUILDING AND LOAN ASSOCIATIONS.**
Have right to buy, but not to sell mortgages except if forced by financial pressure or if permitted so to do by Inspector of. Mahoning Val. Mort. Co. v. Shermesser. 3 Abs. 396.

**Sec. 10561. WILLS.**
If at execution of, testator had no children, but afterwards has a child living or born alive after his death, such will shall be revoked. Surman v. Surman. 3 Abs. 395.

**Sec. 11466. JURY TRIAL.**
In Cuyahoga and Hamilton Counties trial may be had in civil actions if request is made in writing. Whitlock, Exr. v. Matson. 3 Abs. 405.